IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRANDON WOODARD,

    Petitioner,

v.                                                    No. 1:20-cv-01025-JDB-jay

WARDEN, FCI TALLADEGA,

    Respondent.

ORDER DIRECTING CLERK TO MODIFY DOCKET
AND
DISMISSING § 2241 PETITION

Petitioner, Brandon Woodard,[1] has filed a *pro se* 28 U.S.C. § 2241 petition (the "Petition"). (Docket Entry ("D.E.") 1.)  The pleading is before the Court for preliminary review. *See* 28 U.S.C. § 2243; *Harper v. Thoms,* No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002).  For the following reasons, the Petition is DISMISSED.[2]

BACKGROUND

In June 2003, Woodard appeared before then-Chief District Judge James D. Todd and pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1).  (*United States v. Woodard*, No. 1:03-cr-10005-JDB-1 (W.D. Tenn.) ("No. 1:03-cr-10005-JDB-1"), D.E. 26.)  In October 2003, he was sentenced to fifty-one months' imprisonment and three years of supervised release.  (*Id.*, D.E. 35.)  He took an unsuccessful direct appeal.  (*Id.*, D.E. 51.)

---

[1] The Court will refer to Woodard as "the Defendant" in its discussion of his two federal criminal cases.

[2] The Clerk of Court is DIRECTED to modify the docket to reflect "Warden, FCI Talladega" as Respondent and to change Petitioner's address of record to FCI Talladega, 565 E. Renfroe Rd., Talladega, Ga., 35160.

In April 2009, the federal grand jury for the Western District of Tennessee returned a one-count indictment once again charging Woodard with being a felon in possession of a firearm. (*United States v. Woodard*, No. 1:09-cr-10038-JDB-1 (W.D. Tenn.) ("No. 1:09-cr-10038-JDB-1"), D.E. 2.) Several months later, the Defendant pleaded guilty before the undersigned to the sole count of the indictment. (*Id.*, D.E. 11.) He was sentenced to seventy months' incarceration and two years of supervised release. (*Id.*, D.E. 19.) No direct appeal was taken.

Defendant's 2009 offense also formed the basis for the revocation of his supervised release in his 2003 case. (No.1:03-cr-10005-JDB-1, D.E. 67, 77.) For his violation of the terms of his supervised release he was sentenced to "a term of 21 months incarceration, to run consecutive to [the] sentence imposed in" the 2009 case. (*Id.*, D.E. 77.)

Woodard remained in federal custody until May 17, 2016, when he began his two-year term of supervised release for his 2009 offense. (*See* No. 1:09-cr-10038-JDB-1, D.E. 26 at PageID 53.) Following a series of supervised release violations, the Court, on January 8, 2020, "sentenced the Defendant to 24 months incarceration, with no further supervision to follow." (*Id.*, D.E. 95.) The Federal Bureau of Prisons calculated the inmate's release date as February 5, 2021. *See* https://www.bop.gov/inmateloc (last accessed Sept. 2, 2020).

DISCUSSION

The inmate filed the Petition on January 16, 2020, challenging his 2003 conviction on the basis of the recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). He argues that his conviction should be vacated because, at the time of his federal offense, he "had no knowledge [that] federal law" prohibited him from possessing a firearm as a convicted felon. (D.E. 1 at PageID 7.) He alleges that he "was never told that [he] couldn't have a firearm with the state

2

felony [he] h[as]," and that, in his state felony case, the "Lawyer, Judge, DA showed me in writing proof that I could have a long gun to hunt with and nothing about federal law." (*Id.* at PageID 7, 8.)

In *Rehaif*, the United States Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g)[,] . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.  As the Court explained,

> [t]he question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status when he possessed it.

*Id.* at 2194.

This Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

Even if a petitioner meets § 2241's in-custody requirement, as a general matter he may challenge the "validity of [his] federal conviction or sentence" only by way of a motion under § 2255.  *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016).  He may advance such a challenge under § 2241 if he establishes, pursuant to § 2255's "savings clause," that a remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* (quoting 28 U.S.C. § 2255(e)). To carry his burden on this issue, a petitioner generally must assert his "actual[] innocen[ce]" based

3

on an intervening change of statutory interpretation made retroactive to cases on collateral review. *Id.* (quoting *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)).

The Court need not decide whether a *Rehaif* claim meets the savings clause requirements because Woodard cannot satisfy § 2241's in-custody prerequisite. As indicated above, on the date he filed the Petition he was incarcerated on a supervised release violation in his 2009 case. He therefore was not serving time on his 2003 conviction, which is the conviction under attack in this matter. The Petition is, thus, not properly before the Court.

The *Rehaif* claim is also without merit. Petitioner argues that the Government was required to prove that he did not know he was prohibited under federal law from possessing a firearm. As the Sixth Circuit has made clear, however, "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2572 (2020). Rather, as pertinent here, *Rehaif* demands only that the Government prove that the defendant knew he was "previously . . . convicted of a felony." *United States v. Watson*, No. 19-3658, 2020 WL 4037923, at *1 (6th Cir. July 17, 2020) (unpublished).

Woodard does not allege that he did not know he was a felon at the time he possessed the firearm. In fact, he acknowledges that he knew he had a prior Tennessee felony, but he believed that circumstance would not preclude him from possessing a firearm for hunting. Moreover, any allegation that he did not know he was a felon would be contrary to his admission, made following his arrest on the 2003 federal charge, "that he had previously been convicted of Aggravated Burglary." (Presentence Report at ¶ 6.)

For the foregoing reasons, the Petition is DISMISSED.³

IT IS SO ORDERED this 9th day of September 2020.

              s/ J. DANIEL BREEN
              UNITED STATES DISTRICT JUDGE

---

³ Unlike a state prisoner, a federal prisoner wishing to appeal the denial of a § 2241 petition need not first obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1). *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020)